UNITED STATES of America,
Plaintiff–Appellee,

v.

Randall Hoyt SHAW,
Defendant–Appellant.

No. 90–8238.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1991.

Brian Pollard, Waco, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Philip Police and Krista L.S. Leinenkugel, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GARZA and DAVIS, Circuit Judges.

CLARK, Chief Judge:

## I.

Randall Shaw appeals his conviction and sentence for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. We affirm in all respects except as to the sentence of 72 months imprisonment. That sentence is vacated and the cause is remanded with directions to impose a sentence of 71 months imprisonment.

## II.

On November 3, 1989 the Waco Police Department learned that two individuals were distributing amphetamines from room 46 of the Astro Motel in Waco, Texas. The police officers obtained a warrant in State court. Room 46 had been rented by Randall Shaw. When officers in the special operations unit entered the room Shaw was in the room with Pam Brunson. Brunson was by the bed and Shaw was sitting at a table located by the bed, working with a knife on various items spread out on the table. Numerous quantities of methamphetamine, cash, and drug distribution paraphernalia were found on and beside the table. One of the officers heard Brunson tell Shaw, "Tell them everything is yours. I can't afford to go down again." A stun gun was found in the car outside Shaw's room.

Shaw was initially charged with a state offense but was later indicted in federal court for possession with intent to distribute more than 100 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). A jury found Shaw guilty as charged. Shaw was sentenced under 21 U.S.C. § 841(b)(1)(B)(viii). Orally, the trial judge imposed a sentence of 71 months imprisonment (along with a fine and period of supervised release) but the court's written judgment fixed Shaw's imprisonment at 72 months.

## III.

Shaw raises eight claims on appeal. First, he claims that he was convicted of violating a statute which is unconstitutional because it includes two inconsistent penalty schemes for the same offense. Second, Shaw argues that the search warrant issued and executed by State officials is not sufficient to support the introduction of evidence in federal court. Third, he claims that evidence should have been excluded because the government failed to establish an adequate chain of custody. Fourth, Shaw asserts that there was insufficient evidence to convict him. Fifth, he argues that the district court erred in not granting him a continuance when an important witness became unavailable. Sixth, the district court erred in not allowing Shaw to post bond pending appeal. Seventh, Shaw claims that the district court erred in sentencing him under a version of the Sentencing Guidelines that became effective only two days before he was arrested. Finally, Shaw claims the district court erred in imposing a different sentence in its written judgment from that imposed at the sentencing hearing. Only Shaw's eighth claim has merit.

### A. Inconsistent Penalty Scheme

Shaw complains that the district court erred by not dismissing his indictment since the statute under which he was indicted was unconstitutional. In particular he urges that 21 U.S.C. § 841 violates his Fifth Amendment due process right because it provides two "inconsistent" and "irreconcilable" penalty schemes for the same offense. He further argues that the penalty provisions are "void for vagueness." Under the current version of § 841, different mandatory minimum sentences are provided for a person convicted of possessing "100 grams or more of a mixture or substance containing a detectable amount of methamphetamine." Subsection (b)(1)(A)(viii) provides a prison term of from not less than 10 years to life imprisonment while subsection (b)(1)(B)(viii) provides a prison term of not less than five years or

more than forty years.[1] Shaw was convicted of possessing 117.84 grams of a substance containing methamphetamine. Thus he falls squarely within the ambit of both sentencing provisions.

The government acknowledges that these two sentencing provisions are inconsistent when viewed in isolation. However, the government argues, citing extensive examples, that when viewed in the context of the statute as a whole and in relation to the overall penalty scheme provided for controlled substances and the legislative history of the statute, the inconsistency appears to be a clerical or drafting error. The government maintains that subsection (b)(1)(A)(viii) was intended to apply to higher quantities and purer mixtures of methamphetamine.

▪ When an appellant claims that the district court incorrectly applied constitutional standards, we review the claim *de novo*. *American Civil Liberties Union v. State of Mississippi*, 911 F.2d 1066, 1069 (5th Cir.1990). Since Shaw argues that the district court failed to declare the sentencing provisions of § 841 unconstitutional, we likewise review his claim *de novo*.

▪ "It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes' " *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979) (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939)). The courts have long held that statutes, which fail to give notice to "persons of normal intelligence" that their intended actions are illegal, violate due pro-

cess. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Likewise, sentencing provisions may violate due process "if they do not state with sufficient clarity the consequences of violating a given criminal statute." *Batchelder*, 442 U.S. at 123, 99 S.Ct. at 2203. However, equally applicable or overlapping sentencing provisions satisfy the notice requirements of the Due Process Clause so long as they clearly define the "conduct prohibited and the punishment authorized." *Id.*

In this case one applicable provision mandates a term of imprisonment of not less than ten years, § 841(b)(1)(A)(viii), while the other applicable sentencing provision allows imposition of a sentence of as little as five years imprisonment. While these provisions are facially inconsistent, they unambiguously give notice that possession of more than 100 grams of a substance containing methamphetamine will result in incarceration for at least five years. We need not examine the merits of Shaw's due process claim since it is evident from the record that Shaw lacks standing to assert it.

Shaw moved to dismiss his indictment based on the same due process claim in the district court that he presses here. In denying Shaw's motion to dismiss, the district court noted that both subsection (b)(1)(A)(viii) and (b)(1)(B)(viii) were applicable and that any ambiguity in criminal statutes have long been resolved against the imposition of harsher punishment and in favor of lenity. *See Hughey v. United States*, — U.S. —, 110 S.Ct. 1979, 1985, 109 L.Ed.2d 408 (1990); *Simpson v. United*

---

1. 21 U.S.C. § 841(b) states in pertinent part:

   (b) Penalties
   Except as otherwise provided in section 845, 845a, or 845b of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
   (1)(A) In the case of a violation of subsection (a) of this section involving—
   (viii) 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

   such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life * * *
   (1)(B) In the case of a violation of subsection (a) of this section involving—
   (viii) 10 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;
   such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years * * *

*States,* 435 U.S. 6, 14–15, 98 S.Ct. 909, 913–914, 55 L.Ed.2d 70 (1978). In sentencing Shaw the district court applied the "rule of lenity" and sentenced Shaw under the less severe provision, subsection (b)(1)(B)(viii), to six years imprisonment. Although this sentence is below the ten-year minimum sentence required by subsection (b)(1)(A)(viii), Shaw was not harmed by being sentenced under the less severe penalty provision.

In order for a cause of action to constitute a "case or controversy" under Art. III of the U.S. Constitution the person raising an issue for consideration in a court of the United States must have standing to bring the claim. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). The primary component of standing is that the litigant seeking action by the court have an " 'injury in fact' resulting from the action which they seek to have the court adjudicate." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.* 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982). Shaw has no such injury. The decision of the district court to avoid any ambiguity in the sentencing provisions by assessing Shaw's prison term under the less severe provision and below the lowest possible prison term of the more penal statute foreclosed any allegation that an ambiguity or inconsistency in the provisions worked to prejudice Shaw's due process rights.

Nor, as Shaw argues, can potential problems for notice to others provide the standing necessary for Shaw to maintain this claim. "[T]he plaintiff must generally assert his own legal rights and interests and cannot rest his claim on the legal rights and interests of third parties." *Warth v. Seldin,* 422 U.S. at 499, 95 S.Ct. at 2205. He was not injured by an ambiguity in the sentencing provisions at issue and cannot raise the issue on appeal.

### B. The Search Warrant

▮ Shaw claims that the district court erred in denying his motion to suppress all evidence seized in the motel room pursuant to a warrant issued by State authorities. He argues that a warrant issued by State authorities and executed by State authorities cannot support the introduction of evidence in federal court if it does not comply with the Fed.R.Crim.P. 41—the Rule governing procedure for issuing and executing a search warrant by federal authorities. He is mistaken.

This court's holding in *United States v. McKeever,* 905 F.2d 829 (5th Cir.1990) (en banc) is dispositive of Shaw's claim. There, we held that Fed.R.Crim.P. 41 applies only to warrants issued " 'upon [the] request of a federal law enforcement officer or an attorney for the government' " and that Rule 41 was inapplicable to State search warrants even though federal officers may have participated in the search and the evidence obtained from the search was offered in a federal prosecution. *McKeever,* 905 F.2d at 830, 832–33 (quoting Fed.R. Crim.P. 41). In this case, the warrant was issued by a State magistrate based on a showing of probable cause by State officers. The requirements of Fed.R.Crim.P. 41 do not apply.

### C. Chain of Custody

Shaw claims that the district court erroneously admitted contraband evidence because its chain of custody contained "glaring gaps" and was not properly established. He points to the fact that the evidence custodian of the search team could not recall whether he or another officer delivered the methamphetamine to the Department of Public Safety (DPS) for analysis, whether it was hand delivered or placed in the DPS night deposit box, and the fact that numerous DPS chemists had access to the evidence in the course of the analysis. We disagree.

▮ We review a district court's ruling on the admissibility of evidence under the abuse of discretion standard. *United States v. Palella,* 846 F.2d 977, 980–81 (5th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988). This court has repeatedly held that any break in the chain of custody of physical evidence does not render the evidence inadmissible but in-

stead goes to the weight that the jury should accord that evidence. *United States v. Casto*, 889 F.2d 562, 568–69 (5th Cir.1989). Once the trial court makes a preliminary determination that a jury could reasonably conclude that the disputed authenticity has been established, the district judge may admit evidence at his discretion. *Id.* There was sufficient evidence in this case to conclude that the methamphetamine that was analyzed and introduced came from Shaw's motel room. The trial court did not abuse its discretion in allowing it to be introduced.

### D. Sufficient Evidence

Shaw claims that there is insufficient evidence to support his conviction. He points out that Pamela Brunson was in the room with him, that she had a substantial criminal record, and that a police officer overheard her tell Shaw to claim the drugs because she could not afford to go to jail again.

■ Shaw moved for a judgment of acquittal after the government rested its case in chief but failed to renew his motion after he presented his defense. His failure to renew his motion waived any objection to the district courts denial of his motion. *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir.1988). In this procedural posture, we can uphold Shaw's sufficiency of the evidence claim on appeal only if " 'there was a manifest miscarriage of justice.' " *Id.* (quoting *United States v. Ivory*, 468 F.2d 613, 614 (5th Cir.1972)).

■ There was more than sufficient evidence to link Shaw to the methamphetamine found with him in his motel room. There has been no "manifest miscarriage of justice."

### E. Denial of Motion for Continuance

Shaw claims that the district court erred in denying his counsel's motion for a continuance based upon the unavailability of a witness. He claims that it was not until the date of trial that his counsel learned that one of the arresting police officers was unavailable to testify. The police officer was apparently on a fishing trip in Mexico at the time of trial. This officer heard Brunson tell Shaw to claim that the contraband was his because she could not afford to go to prison again. Although defense counsel learned at the beginning of the trial that the officer was not going to testify for the prosecution, he did not move for a continuance until the close of the government's case. Although the district court denied the motion for continuance, it did, over the government's objection, admit the officer's report which detailed the admission by Brunson. Shaw claims that it was error not to allow a continuance so that the absent officer could fully develop by oral testimony the admissions outlined in the report.

■ Because the "grant or denial of a continuance is generally within the sound discretion of the trial court, [it] will be disturbed on appeal only for abuse of discretion." *United States v. Alexander*, 869 F.2d 808, 811 (5th Cir.1989). To establish that the trial court abused its discretion, Shaw must demonstrate that the denial of a continuance severely prejudiced him. *See, United States v. Davila*, 704 F.2d 749, 753 (5th Cir.1983). In order for an appellant to show that a continuance was necessary to secure a witness,

"[a] movant must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witness [will be] available and willing to testify, and that the denial of a continuance would materially prejudice the defendant."

*United States v. Uptain*, 531 F.2d 1281, 1287 (5th Cir.1976). Shaw has failed to meet these criteria.

■ Shaw's counsel had ample time to subpoena the officer but failed to do so under the mistaken expectation that the officer would make himself available to testify. This failure to subpoena the officer when he was available constitutes a lack of due diligence. *See, United States v. Walker*, 621 F.2d 123, 168 (5th Cir.1980). Moreover, Shaw has failed to show that the

officer would provide "substantial favorable testimony" and that the denial of the continuance prejudiced him. The officer's report detailing Brunson's admission was in evidence. The substance of the information Shaw desired to elicit from the officer was put before the jury in the report. Shaw failed to show that the officer's testimony would have added anything of substance to the information contained in the report. The district court did not abuse its discretion in denying Shaw's motion for a continuance.

### F. Bond Pending Appeal.

Shaw claims that the district court erred by not allowing him to post bond pending appeal. The government does not address this claim. The posting of bond pending appeal in a criminal case is left, in the first instance, to the discretion of the district court. *See* Fed.R.App.P. 9(b). Shaw has not shown that the district court abused its discretion. Moreover, his claim is moot since we now determine that his appeal is substantially unsuccessful.

### G. Sentencing Guidelines

Shaw claims, without benefit of authority, that the district court unfairly sentenced him under a more stringent version of the Sentencing Guidelines that became effective only two days before he was arrested. The 1989 amendments to the Guidelines took effect on November 1, 1989. Shaw was arrested on November 3, 1989. Under the previous version, Shaw would have been given a guideline range of 33–41 months imprisonment while under the newer version Shaw was subject to a range of 63–78 months imprisonment. Shaw was properly sentenced under the version of the Guidelines in effect at the time he was arrested in the act of committing the crime for which he was sentenced. There is no error. *See, United States v. Woolford*, 896 F.2d 99, 102, 102–03 n. 4 (5th Cir.1990).

### H. Oral and Written Sentence Discrepancy

Shaw asserts that there is a conflict between the district court's oral sentence pronouncement of 71 months imprisonment and the written judgment of 72 months imprisonment. The government admits the error and requests that the judgment be reformed to reflect the oral pronouncement of the district court. In this Circuit, it is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails. *See e.g., United States v. Chagra*, 669 F.2d 241, 261 n. 29 (5th Cir.) *cert. denied*, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982). Accordingly, we remand to the district court with directions to enter a judgement of 71 months imprisonment.

### IV.

Shaw's conviction is AFFIRMED, the judgment VACATED and the cause is REMANDED to the district court with directions to impose a sentence of 71 months imprisonment.