IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60729
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY SHEARS, also known as Corey Shear,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:01-CR-57-01-LS)
--------------------
May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Corey Shears was convicted by a jury of carjacking, in violation 18 U.S.C. § 2119, and of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, Shears contends that the district court abused its discretion by admitting into evidence a handgun discovered by the victim when he retrieved his vehicle from the police impound lot; that the evidence is insufficient to

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support Shears's convictions; and that the district court erred when it gave a supplemental instruction to the jury.

We find no abuse of discretion in the admission of the firearm into evidence. United States v. Crawford, 52 F.3d 1303, 1309-11 (5th Cir. 1995); United States v. Shaw, 920 F.2d 1225, 1229 (5th Cir. 1991). Shears was free to challenge the provenance of the weapon and to argue to the jury that the weapon could have been left in the vehicle by someone other than the defendants. The circumstances surrounding the firearm's discovery are relevant to the weight of the evidence not to the admissibility. Crawford, 52 F.3d at 1310-11.

Shears does not dispute that the evidence established the elements of both offenses. He insists, however, that no rational jury could have convicted him, given that his testimony — that he participated in the carjacking because he feared for his life — created a reasonable doubt of his guilt. The jury rejected Shears's version, crediting the victim's testimony that Shears was armed and was an intentional participant in the offense. We will not disturb the jury's credibility determinations. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

We decline to address Spears's argument concerning the supplemental jury instruction because he has not adequately briefed the issue for appeal. See FED. R. APP. P. 28(a)(9)(A); see United

States v. Tomblin, 46 F.3d 1369, 1376 n.1 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.