IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10177
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CR-73-5-C

_____

September 19, 2002

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    James Edward Ortiz appeals his sentence following the revocation of his supervised

release. The district court denied a request for a continuance that would have allowed Ortiz to

present testimony from his counselor. Ortiz maintains that the continuance denial at his

revocation hearing was an abuse of discretion. He alleges that his counselor would have testified

as to Ortiz's battle with depression and his need for treatment.

_____

    [1]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

We review a district court's denial of a continuance for abuse of discretion. *See United States v. Shaw* 920 F.2d 1225, 1230 (5th Cir. 1991). Each situation is reviewed on a case by case basis, and we normally consider only those reasons for continuance presented to the trial judge. *See United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995). Before granting a request for a continuance due to the unavailability of a witness, the following factors must be established: (1) that the movant has exercised due diligence to obtain the witness; (2) that the witness would tender substantial favorable evidence; (3) that the witness will be available and willing to testify; and (4) that the denial of a continuance would materially prejudice the movant. *See United States v. Dupre*, 117 F.3d 810, 823 (5th cir. 1997).

Ortiz has failed to demonstrate that he exercised due diligence in attempting to locate his counselor or that she would have been willing and available to testify. Furthermore, Ortiz cannot show that the absence of his counselor's testimony materially prejudiced him. The district court sentenced Ortiz to 24 months' imprisonment because it found that Ortiz needed to participate in a long-term drug treatment program while in prison; the sentence was not attributable to Ortiz's "bad attitude" as described by his probation officer. As such, Ortiz has not demonstrated that the district court abused its discretion by denying of the continuance.

AFFIRMED.