IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10352
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES EDWARD LEE, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-164-3-A
--------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        James Edward Lee, Jr., appeals his guilty-plea conviction for mail fraud and aiding and abetting. He argues that in determining his offense level under the Sentencing Guidelines, the district court erred in not reducing the amount of loss attributed to him by the value of the computer equipment that was actually

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

delivered to the victims, or alternatively, in concluding that the equipment had no value.[1]

The district court's calculation of loss under U.S.S.G. § 2F1.1 is a finding of fact, reviewable only for clear error. United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998). A district court's finding of fact will be deemed clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made. United States v. Graves, 5 F.3d 1546, 1555 (5th Cir. 1993).

"In a case involving a misrepresentation concerning the quality of a consumer product, the loss is the difference between the amount paid by the victim for the product and the amount for which the victim could resell the product received." § 2F1.1, comment. (n.8(a)). However, facts contained in the PSR are considered reliable and may be adopted without further inquiry if the defendant fails to present competent rebuttal evidence demonstrating that the information in the PSR was materially untrue, inaccurate or unreliable. United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). "Mere objections do not suffice as competent rebuttal evidence." Id. (citation omitted). Lee's unsupported contentions regarding the resale value of the equipment are insufficient to rebut the information provided in the PSR. See

---

[1]Lee also makes two ill-defined assertions regarding the district court's restitution order. Insofar as Lee intends his assertions to constitute a challenge to the restitution order, he has waived this argument by failing to adequately brief it. See United States v. Fagan, 821 F.2d 1002, 1015 n.10 (5th Cir. 1987).

id. at 329. Accordingly, the district court did not clearly err in not reducing the amount of loss attributed to Lee. See Graves, 5 F.3d at 1555.

Lee also argues that the district court erred in denying his renewed motion for a continuance of his sentencing hearing. The decision whether to deny a continuance is vested in the sound discretion of the district court, and we will reverse only where the defendant demonstrates an abuse of discretion resulting in serious prejudice. See United States v. Alix, 86 F.3d 429, 434 (5th Cir. 1996).

A motion for a continuance should be made as early and as specific as possible. United States v. McDonald, 837 F.2d 1287, 1289-90 (5th Cir. 1988). Lee's motion, insofar as it was based on his desire to contest the amount of loss determined by the PSR, was not timely. Moreover, although Lee noted that he was in contact with the individual from whom he purchased the computers, and thus was attempting to "establish a baseline for the value of the systems," Lee failed to identify such individual. Nor did Lee show that he attempted to obtain the attendance of the individual, or that the individual would give testimony that would materially aid in his defense. See United States v. Shaw, 920 F.2d 1225, 1230 (5th Cir. 1991)(setting forth criteria to be considered when the movant seeks a continuance in order to secure the testimony of a witness). The district court did not abuse its discretion in denying the motion for a continuance. See Shaw, 920 F.2d at 1230.

The judgment of the district court is **AFFIRMED**.