United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11333
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD M. TEUBNER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-214-1-D
---------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Richard M. Teubner appeals his conviction on his guilty plea to wire fraud and aiding and abetting.  The district court sentenced Teubner to 24 months' imprisonment and three years' supervised release and ordered Teubner to pay $5,226 in restitution.

Teubner challenges the denial of his motion for a continuance.  He asserts that the pro se motion challenged his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea and that the district court should have construed the motion liberally as a request to withdraw the plea.

We review the district court's denial of a motion for a continuance for an abuse of discretion. United States v. Shaw, 920 F.2d 1225, 1230 (5th Cir. 1991). To establish an abuse of discretion, a defendant must demonstrate that the denial of a continuance "severely prejudiced him." Id.

Teubner's motion sought only a continuance and could not be construed as a challenge to the plea. Teubner has not demonstrated prejudice. The district court did not abuse its discretion. Shaw, 920 F.2d at 1230.

Teubner challenges the voluntariness of his guilty plea. He asserts that because counsel did not inform him that he could be required to make restitution in the range of $600,000 to $1 million, he did not understand the consequences of the plea.

A guilty plea involves the waiver of several constitutional rights and must be made knowingly and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). We review a challenge to a plea to determine whether the district court varied from the requirements of FED. R. CRIM. P. 11, and if so, whether any variance affected the defendant's substantial rights. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc); FED. R. CRIM. P. 11(h). A variance affects substantial rights if the defendant's understanding of the full and correct information

would have been likely to affect his willingness to plead guilty. Johnson, 1 F.3d at 302.

The rearraignment transcript demonstrates that the district court explained and Teubner understood the nature of the offense and the constitutional rights that he was waiving. The district court warned Teubner that he faced a fine of $250,000, or double the gross money gain, or double the gross money loss and that restitution in the full amount was mandated by statute. Teubner did not challenge the fact that restitution would be ordered. Teubner swore that he understood that the penalty could be more severe than any penalty that had been predicted, that he could not withdraw his plea if he received a more severe penalty than he expected, that he had not been made any promises in exchange for the plea, and that he was pleading guilty because he was guilty. Teubner's plea agreement provided that restitution was mandatory.

The order for Teubner to pay $5,225 in restitution did not exceed the $250,000 amount of liability of which he was informed at rearraignment. See United States v. Glinsey, 209 F.3d 386, 394-96 (5th Cir. 2000). Teubner has not explained how counsel's omission regarding the extent of the restitution liability and how the order to pay $5,226 in restitution affected his willingness to plead. See id. at 395-96.

Teubner contends that his attorney's assistance prior to and at rearraignment was ineffective and invalidated his plea. He

asserts that counsel should have investigated and determined that the Government intended to seek $1 million in restitution. He argues that he was prejudiced because when he entered a plea, he did not understand the consequences of his plea.

To demonstrate ineffective assistance, Teubner must show that counsel's deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). A failure to establish either deficient performance or prejudice defeats the claim. Id. at 697.

Teubner does not argue that the amount of restitution he was ordered to pay was error. Teubner asserts that if counsel had investigated prior to entry of the plea, Teubner "might have gone to trial on the merits of the indictment"; thus, Teubner has not shown prejudice. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Accordingly, the judgment of the district court is AFFIRMED.