IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10984
Summary Calendar
_____

CHILMARK FINANCIAL COMPANY, L.L.C.,

Plaintiff-Appellee

versus

SPINKS JOINT VENTURE
and DR. EUGENE SHOLDRA,

Defendants-Appellants

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-2094-AJ

_____

May 17, 1996

Before: SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Chilmark Financial Company (Chilmark) obtained a judgment in the district court on a promissory note executed by Spinks Joint Venture and guaranteed by Dr. Eugene Sholdra. A jury awarded the amount of $1,442,570.34, plus attorneys' fees, costs and interest. The defendants appeal, alleging that the district judge's failure to exclude the testimony of a Chilmark official as to the amount owed on the note was an abuse of discretion. The appellants argue that the testimony did not meet the business records exception to the hearsay rule, contained in Fed.R.Evid. 803(6), because the witness had no knowledge of the handling of the note by its previous holders. Because Rule 803(6) does not require the testimony of every holder of a business record, we affirm the district

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court's judgment.

We review the evidentiary decisions of the district court for abuse of discretion, *U.S. v. Shaw*, 920 F.2d 1225 (5th Cir.), *cert. denied*, 111 S.Ct. 2038 (1991). Fed.R.Evid. 803(6) creates an exception to the hearsay rule for records "kept in the course of a regularly conducted business activity . . . as shown by the testimony of the custodian or other qualified witness."

The promissory note in this case was issued by Sentry Savings Association, and held thereafter by Bluebonnet Savings Bank, C & A Asset Recovery, Inc., and then by Chilmark Financial. Chilmark produced the testimony of a former senior vice president of Sentry Savings authenticating the note, describing the foreclosure on the property of the debtors, and the amount of the resulting deficiency. Rex Anderson, the account officer for AmeriWest Bancorp, which serviced the note for the appellee, testified as to Sentry's records and his own calculation, on behalf of Chilmark, of the interest due on the note.

The appellants object to the absence of any testimony from the interim holders of the note, Bluebonnet Savings and C & A Assets, but they cite no case for a requirement of testimony from all holders of a record. Indeed, business records produced by another but integrated into the records of the party offering them are admissible. *U.S. v. Ullrich*, 580 F.2d 765, 771-2 (5th Cir. 1978) ; U.S. v. Doe, 960 F.2d 221, 223 (1st Cir. 1992). "Rule 803(6) does not require that the records be prepared by the business which has custody of them. Where circumstances indicate that the records are trustworthy, the party seeking to introduce them does not have to present the testimony of the party who kept the record or supervised its preparation." *Mississippi Grain Elevator v. Bartlett & Co., Grain*, 659 F.2d 1314, 1319 (5th Cir. 1981), quoting *U.S. v. Veytia-Bravo*, 603 F.2d 1187, 1191-2 (5th Cir. 1979), *cert. denied*, 444 U.S. 1024 (1980).

In this case, Chilmark offered both the testimony of its record-keeper to show that the promissory note was kept as a regular course of business, and testimony detailing the note's production. There is no further requirement that Chilmark account for everyone who held the record in between.

We therefore AFFIRM.