**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2011

Lyle W. Cayce
Clerk

No. 10-10606
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS SANDOVAL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-25-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Counsel appointed to represent Jesus Sandoval has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Our review of the record reveals a nonfrivolous issue for appeal, specifically whether the case should be remanded to the district court for correction of the judgment in light of the conflict between the oral pronouncement at sentencing and the written judgment. At sentencing the district court stated that Sandoval's 324-month term of imprisonment would run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10606

concurrently with any state imposed by the state court based on the same conduct as that involved in the instant case.  The court further stated that Sandoval's sentence would be followed by a five-year term of supervised release. However, the written judgment reflects that the sentence is to run consecutively to any sentence imposed in Dallas County Case No. F-0958988 and that Sandoval must serve a life term of supervised release.

Although normally issues raised for the first time on appeal are reviewable only for plain error, review of the issue of the discrepancy between the oral pronouncement of sentence and the written judgment is not limited to plain error because Sandoval did not have the opportunity to object to the written judgment at sentencing.  *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).  "[I]t is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991).  The discrepancy between the oral pronouncement of sentence and the written judgment appears to constitute a conflict, rather than an ambiguity.  *Cf. United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).  When there has been a conflict between the oral pronouncement of sentence and the written judgment, the court has remanded the case to the district court to have it amend the written judgment to conform to its oral judgment at sentencing.  *See id.*; *see also United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).

Appointed counsel does not address in his brief the conflicting statements in the oral pronouncement and the written judgment regarding the term of supervised release or the concurrent or consecutive nature of the sentence and states in his brief that Sandoval received a five-year term of supervised release. Because the court's precedent holds that oral pronouncements prevail and there is a serious discrepancy between the oral and written judgments, there is a nonfrivolous issue for appeal.  *Shaw*, 920 F.2d at 1231.

No. 10-10606

Counsel's motion to withdraw is DENIED without prejudice and, in the interest of judicial economy, the case is REMANDED to the district court to have it correct its written judgment so that it will be in accordance with its oral pronouncement at sentencing and to have the corrected judgment filed in the record. This court will retain jurisdiction over the appeal, and upon the district court's compliance with the court's order, appointed counsel is to file a new appellate brief or a new *Anders* brief as is warranted.

Sandoval's motion for the appointment of new counsel should be held pending the district court's correction of the record.