# United States Court of Appeals for the Fifth Circuit

No. 22-40090
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 21, 2022
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Veronica Vela,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-760-1

---

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

In 2016, Veronica Vela pleaded guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and was ultimately sentenced, in February 2022, to 87 months of imprisonment, followed by a three-year term

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40090

of supervised release.    She was also ordered to pay $3,505,886.25 in restitution.

As her sole issue on appeal,[1] Vela argues that the district court erred in denying her seventeenth motion to continue sentencing.  She asserts that she needed more time to locate and secure her expert witness, certified public accountant Josefina Mireles, who had prepared a report challenging the Government's loss amount calculation.  Vela argues that because Mireles's testimony was critical regarding loss amount, the court's refusal to give her more time to locate her expert witness effectively deprived her of a meaningful defense at sentencing.

We review the denial of a motion for a continuance for an abuse of discretion that seriously prejudices the defendant.[2]  When reviewing a denial of a continuance, we consider the totality of the circumstances, including: (1) "the amount of time available," (2) "the defendant's role in shortening the time needed," (3) "the likelihood of prejudice from denial," (4) "the availability of discovery from the prosecution," (5) "the complexity of the case," (6) "the adequacy of the defense actually provided at trial," and (7) "the experience of the attorney with the accused."[3]

---

[1] Vela briefs no argument challenging the district court's loss amount finding, nor does she challenge the offense level or restitution calculations which were based on that finding, and she has therefore abandoned any such challenge. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (per curiam).

[2] *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009) (applying standard to a district court's denial of a trial continuance); *United States v. Peden*, 891 F.2d 514, 519 (5th Cir. 1989) (applying standard to a district court's denial of a sentencing continuance).

[3] *Stalnaker*, 571 F.3d at 439.

No. 22-40090

As an initial matter, Vela wholly fails to address or challenge the reasons the district court gave for denying a continuance, which included that the case had been pending for almost seven years, that sentencing had been reset too many times at Vela's request, and that, although she sought to secure Mireles as a witness, she gave no explanation regarding what efforts, if any, she had made to locate Mireles. Vela has therefore abandoned any such challenge.[4]

Even had Vela briefed such argument, it would be unavailing. Under the totality of the circumstances, the district court's decision not to grant Vela a seventeenth continuance was neither arbitrary nor capricious. Significantly, Vela had been granted sixteen previous continuances, including a continuance to enable her to locate Mireles. Moreover, Vela had five years to prepare for sentencing, including more than three years with her most recent counsel and with the benefit of Mireles's report.[5] Finally, Vela offered no reasons explaining what efforts, much less diligent efforts, had been made to locate Mireles, why they were unsuccessful, or why another continuance would cause her to succeed in locating Mireles or securing her testimony at sentencing.[6]

Vela's claim additionally fails for lack of serious or compelling prejudice. Vela does not and cannot demonstrate how the denial of her motion for a continuance prejudiced her case when the court considered the

---

[4] *See Scroggins*, 599 F.3d at 446-47; *Beasley,* 798 F.2d at 118.

[5] *See Stalnaker*, 571 F.3d at 439; *United States v. Messervey,* 317 F.3d 457, 462 (5th Cir. 2002) (finding the district court did not abuse its discretion in denying defendant a fifth continuance).

[6] *See United States v. Shaw*, 920 F.2d 1225, 1230 (5th Cir. 1991) (holding that the district court did not abuse its discretion in denying defendant's motion for a continuance based upon the unavailability of a witness).

expert report despite Mireles's failure to testify in person.  As the district court explained at sentencing, because it considered the report but found it to be unreliable, any testimony Mireles would have offered in support of the report would have made no difference to the outcome of Vela's sentence.[7]

Vela has not demonstrated an abuse of discretion on the district court's part.[8]  Accordingly, the district court's judgment is AFFIRMED.

---

[7] *Id.* at 1231.

[8] *See Stalnaker*, 571 F.3d at 439.