**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David LOYD, William Harrison Hood, a/k/a Wayne Tabone, a/k/a Billie Wooten, Donald Lewis Canup, James Douglas Hume, Defendants-Appellants.**

**No. 82–5364
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1983.

Theodore J. Sakowitz, Federal Public Defender, Charles White, Asst. Federal Public Defender, Miami, Fla., for Hood, Canup and Loyd.

Karen L. Atkinson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Defendants David Loyd, William Hood, Donald Canup and James Hume were convicted in a nonjury trial of conspiracy and possession with intent to distribute more than 2,000 pounds of marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846, and 18 U.S.C.A. 2. On appeal they claim that the marijuana, seized pursuant to a telephonic search warrant, should have been suppressed because the issuing magistrate did not certify the accuracy of the transcript of the taped oral warrant as required by Fed. R.Crim.P. 41(c)(2)(D). Finding no constitutional violation, prejudice to the defendants, or bad faith conduct in disregard of the rule, we affirm.

Fed.R.Crim.P. 41(c)(2) provides a procedure for the issuance of a search warrant on oral testimony by telephone.[1] When a voice recording device is used, the Rule requires the Federal magistrate authorizing the issuance of the warrant to have the record transcribed, to certify the accuracy of the transcription, and to file a copy of

---

1. Fed.R.Crim.P. 41(c)(2) provides:

   **(2) Warrant upon Oral Testimony.**

   **(A) General Rule.** If the circumstances make it reasonable to dispense with a written affidavit, a Federal magistrate may issue a warrant based upon sworn oral testimony communicated by telephone or other appropriate means.

   **(B) Application.** The person who is requesting the warrant shall prepare a document to be known as a duplicate original warrant and shall read such duplicate original warrant, verbatim, to the Federal magistrate. The Federal magistrate shall enter, verbatim, what is so read to such magistrate on a document to be known as the original warrant. The Federal magistrate may direct that the warrant be modified.

   **(C) Issuance.** If the Federal magistrate is satisfied that the circumstances are such as to make it reasonable to dispense with a written affidavit and that grounds for the application exist or that there is probable cause to believe that they exist, the Federal magistrate shall order the issuance of a warrant by directing the person requesting the warrant to sign the Federal magistrate's name on the duplicate original warrant. The Federal magistrate shall immediately sign the original warrant and enter on the face of the original warrant the exact time when the warrant was ordered to be issued. The finding of probable cause for a warrant upon oral testimony may be based on the same kind of evidence as is sufficient for a warrant upon affidavit.

   **(D) Recording and Certification of Testimony.** When a caller informs the Federal magistrate that the purpose of the call is to request a warrant, the Federal magistrate shall immediately place under oath each person whose testimony forms a basis of the application and each person applying for that warrant. If a voice recording device is available, the Federal magistrate shall record by means of such device all of the call after the caller informs the Federal magistrate that the purpose of the call is to request a warrant. Otherwise a stenographic or longhand verbatim record shall be made. If a voice recording device is used or a stenographic record made, the Federal magistrate shall have the record transcribed, shall certify the accuracy of the transcription, and shall file a copy of the original record and the transcription with the court. If a longhand verbatim record is made, the Federal magistrate shall file a signed copy with the court.

   **(E) Contents.** The contents of a warrant upon oral testimony shall be the same as the contents of a warrant upon affidavit.

   **(F) Additional Rule for Execution.** The person who executes the warrant shall enter the exact time of execution on the face of the duplicate original warrant.

   **(G) Motion to Suppress Precluded.** Absent a finding of bad faith, evidence obtained pursuant to a warrant issued under this paragraph is not subject to a motion to suppress on the ground that the circumstances were not such as to make it reasonable to dispense with a written affidavit.

the original recording and the transcription with the court. Fed.R.Crim.P. 41(c)(2)(D). In this case the magistrate failed to certify the accuracy of the transcription.

These are the significant facts. On August 4, 1981, Florida police officers observed the four defendants unloading a large quantity of marijuana from two boats and taking it to a nearby home. One of the officers notified his superior, who contacted a Drug Enforcement Agency agent to have him obtain a search warrant for the home. The agent decided to obtain the warrant by telephone, because the unloading occurred at approximately 1:30 a.m. and there was a possibility that the defendants might escape. The agent prepared the duplicate original warrant required by Fed.R.Crim.P. 41(c)(2)(B) and telephoned a federal magistrate, who recorded the conversation and issued a warrant. Execution of the warrant led to the seizure of 2,148 pounds of marijuana and the arrest of the four defendants.

The magistrate had the original tape of the oral warrant transcribed but did not, contrary to Fed.R.Crim.P. 41(c)(2)(D), formally certify the accuracy of the transcript. At the suppression hearing, the original tape was played for the district judge, who made a *de novo* certification of the accuracy of the transcript and denied the motion to suppress.

The defendants contend the magistrate's failure to certify the accuracy of the transcript of the telephone call authorizing the search was a fundamental violation of Fed. R.Crim.P. 41(c)(2)(D) requiring application of the exclusionary rule and suppression of the marijuana. This argument is based on *United States v. Shorter,* 600 F.2d 585 (6th Cir.1979), in which the Sixth Circuit court invalidated a telephonic search warrant because the affiant seeking the warrant was not immediately placed under oath as required by Rule 41(c)(2)(D), but gave an oath after he had testified.

This is an issue of first impression in this Court. We adopt the standard articulated in *United States v. Stefanson,* 648 F.2d 1231 (9th Cir.1981):

[U]nless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.

648 F.2d at 1235 (citations omitted). In *Stefanson,* the court held that suppression was not required although the affiant was not immediately placed under oath and the magistrate failed to make a verbatim transcript of the conversation. Other circuits have adopted this standard. *See United States v. Gitcho,* 601 F.2d 369, 372 (8th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979); *United States v. Mendel,* 578 F.2d 668, 673–74 (7th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978).

In this case the facts do not indicate any constitutional violation. The magistrate's failure to certify the transcript after the search had taken place clearly had no effect on whether a search occurred, nor did it affect the abrasiveness of the search. There is no evidence to indicate bad faith or an intentional disregard of the rule.

The purpose of transcribing the taped conversation and certifying the transcription is to give reviewing courts an accurate account of the facts originally presented to the magistrate which resulted in the issuance of a search warrant. In this case the district court's listening to the recording and certifying the accuracy of the transcript fulfilled the purpose of the rule and minimized the effect of the magistrate's technical error. The motion to suppress was properly denied.

AFFIRMED.