UNITED STATES of America,

v.

John GIANCARLI and Arturo Arango, Defendants.

No. 85–255–Cr–Spellman.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 26, 1985.

Michael Zeldin, Special Atty., Dept. of Justice, Miami, Fla., for the United States.

Melvyn Kessler, Miami, Fla., Stephen Lange, Ft. Lauderdale, Fla., for defendants.

## MEMORANDUM OPINION & ORDER DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

SPELLMAN, District Judge.

The Defendant, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure and the fourth amendment to the United States Constitution, moved this Court for the entry of an order suppressing from the introduction into evidence in any hearing or the trial of the cause the cocaine, cocaine base, Acetone Hydrochloric Acid, Ammonium Hydroxide seized pursuant to an "oral search warrant." The facts giving rise to this Motion are as follows.

In the early morning hours of April 11, 1985, DEA Agents received information that there was a cocaine lab operating out of a house in Miami, Florida. These agents determined that the exigencies of the situation necessitated immediate action. Initially they telephoned the duty Assistant United States Attorney and advised him of the facts. The Assistant United States Attorney suggested that a telephonic warrant be sought from the duty Magistrate, the Honorable Samuel A. Smargon. At about 2:40 a.m., the DEA Agent, Coleman Ramsey, telephoned the Magistrate. After two separate conversations, a search warrant was authorized. However, the Magistrate failed to place the Agent under oath before authorizing the search warrant. The following morning when the Agent made the return of the warrant, he became aware of this oversight. At this time, the Agent was sworn by the Magistrate as to the facts previously relayed and as to the return and inventory of the items seized. The Defendants moved this Court to suppress the evidence because of the Magistrate's failure to initially swear the Agent. For the two following reasons, said motion is DENIED.

## II.

The first reason for the denial of this Motion to Suppress is the recent United States Supreme Court decision, *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the officer prepared an application for a warrant to search three residences and the defendants' automobiles for an extensive list of items. Several Deputy District Attorneys reviewed the application and issued a facially valid search warrant. Ensuing searches produced large quantities of drugs and other evidence. The defendants were indicted for federal drug offenses and filed Motions to Suppress the evidence. After an evidentiary hearing, the district court granted the Motions in part, concluding that the affidavit was insufficient to establish probable cause. Although the court recognized that the officer had acted in good faith, it rejected the government's suggestion that the fourth amendment exclusionary rule should not apply where the evidence is seized in reasonable good-faith reliance on a search warrant. The court of appeals affirmed, also refusing the government's invitation to recognize a good-faith exception to the rule.

The United States Supreme Court reversed and held that the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. The Court determined that when law enforcement officers have acted in objectively reasonable reliance on a warrant subsequently invalidated because of the magistrate's erroneous probable cause determination, suppression is unlikely to deter future misconduct. The Court found that "in the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objec-

tively reasonable belief in the existence of probable cause." *Id.* 104 S.Ct. at 3423.

In a companion case, *Massachusetts v. Sheppard,* —— U.S. ——, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the United States Supreme Court also refused to apply the exclusionary rule to a search officers conducted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate which subsequently was determined to be invalid. In *Sheppard,* a police detective drafted an affidavit to support an application for an arrest warrant and a search warrant authorizing the search of the defendant's residence. The affidavit stated that the police wished to search for certain described items. Because it was Sunday and the local court was closed, the police had a difficult time locating a warrant application form. The detective finally found a warrant form previously used in another district to search for controlled substances. The ensuing search was limited to the items listed in the affidavit. After several incriminating pieces of evidence were discovered, the defendant was charged with first-degree murder. At a pretrial suppression hearing, the trial judge ruled that despite the defective warrant, the evidence could be admitted because the police had acted in good faith in executing what they reasonably thought was a valid warrant. The Massachusetts Supreme Judicial Court held that the evidence should have been suppressed.

The United States Supreme Court reversed and remanded. The Court held that since the police officers took every step that could reasonably be expected of them and believed that all the necessary clerical changes had been made in the defective warrant form, there was an objectively reasonable basis for their mistaken belief that the search warrant authorized the search. The Court refused to apply the exclusionary rule.

■ The good faith exception to the exclusionary rule as set forth in *Leon* and *Sheppard* undoubtedly govern the instant case. Although search warrants shall be issued upon sworn statements attesting to probable cause, the obligation to swear the affiant befalls the court. The Agent was unaware of the lack of swearing at the time of the warrant application. His reliance upon the facial validity of the warrant was objectively reasonable. In the instant case, there is no allegation that the non-compliance was intentional. There is no indication that the defect was the result of bad faith. Thus, the evidence should be admitted in the government's case in chief.

### III.

The second reason for the denial of this Motion to Suppress is the controlling decision by the Eleventh Circuit. Prior to the pronouncements in *Leon* and *Sheppard,* the Eleventh Circuit considered the effect of a technical violation of Fed.R.Crim.P. 41(c)(2)(D) and rejected the standard articulated in *United States v. Shorter,* 600 F.2d 585 (6th Cir.1979). *United States v. Loyd,* 721 F.2d 331 (11th Cir.1983).

In *Shorter,* the Sixth Circuit invalidated a telephonic search warrant because the affiant seeking the warrant was not immediately placed under oath as required by the rule, but instead gave the oath after he had testified. The court cited *United States v. Turner,* 558 F.2d 46, 50 (2nd Cir.1977) and reasoned that the oath or affirmation requirement is "designed to insure that the truth will be told by insuring that the witness or affiant will be impressed with the solemnity and importance of his words." *Id.* at 588. The court indicated that an oath relating back to statements made in the physical presence of the judicial officer may indeed comport with the constitutional requirements. However, Fed.R.Crim.P. 41(c)(2)(D), allowing the use of modern technology to make search warrants more accessible to federal agents, is a much less formal communication. The court concluded that in order to assure the accuracy of the information furnished in this less ritualistic fashion, compliance with the command that the telephonic oath be given immediately is required. The court decided that "the command of Fed.R. Crim.P. 41(c)(2)(D) speaks more of sub-

stance than procedure and must be obeyed." *Id.* at 589. However, two factors cast doubt on the present vitality of this decision: the overpowering pronouncement in *Leon* and the unequivocal rejection in *United States v. Loyd,* 721 F.2d 331 (11th Cir.1983).

In *Loyd,* the court also confronted a technical violation of Fed.R.Crim.P. 41(c)(2)(D) and declined to adopt the Sixth Circuit position. In *Loyd,* the defendants claimed that marijuana seized pursuant to a telephonic search warrant should have been suppressed because the issuing magistrate did not certify the accuracy of the transcript of the taped oral warrant. The court discarded the *Shorter* decision and instead accepted the standard articulated by the Ninth Circuit:

> [U]nless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed or (2) there is evidence of the intentional and deliberate disregard of a provision in the Rule. *United States v. Loyd,* 721 F.2d 331, 333 (11th Cir.1983) *quoting United States v. Stefanson,* 648 F.2d 1231 (9th Cir.1981).

In the instant case, this Court follows the determination set forth in *Loyd.* There is no allegation of "prejudice" or a suggestion that the search might not have occurred if the rule had been strictly followed. In addition, there is no evidence of an intentional disregard for the provisions of the Rule. The Agent conducted the search early in the morning due to exigent circumstances. When he returned the warrant the following day, it was only then that he first realized that the Magistrate had neglected to swear him earlier. In the absence of actual prejudice to the Defendant or bad faith on the part of the officer, suppression is not warranted.

## IV.

In conclusion, the Defendant's Motion to Suppress the evidence is DENIED. *Unit-*

*ed States v. Leon* and its progeny have established a good faith exception to the exclusionary rule. In addition, since *Leon* casts doubt upon the Sixth Circuit determination in *Shorter* and since the Eleventh Circuit has explicitly rejected *Shorter's* per se rule invalidating warrants for such technical errors, the evidence should be admitted.