UNITED STATES of America,
Plaintiff–Appellee,

v.

Rocky Dale McKEEVER, Brenda Gayle McKeever, and Stephen C. Newman,
Defendants–Appellants.

No. 88–1985.

United States Court of Appeals,
Fifth Circuit.

June 27, 1990.

Dane A. Barham, Dallas, Tex., for Rocky Dale McKeever.

Denver G. McCarty, Dallas, Tex., for Brenda Gayle McKeever.

E.X. Martin, III, Dallas, Tex., for Stephen C. Newman.

Richard B. Roper, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., Patty Merkamp Stemler, Deputy Chief, Ap-

pellate Sect., Criminal Div., Washington, D.C., for plaintiff-appellee.

Before CLARK, GOLDBERG, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Stephen C. Newman, Rocky Dale McKeever, and Brenda Gayle McKeever appealed their convictions of conspiracy to knowingly and intentionally manufacture phenylacetone. The panel vacated the district court's denial of defendants' motion to suppress and remanded the case. We granted rehearing en banc in this case solely to consider whether Fed.R.Crim.P. 41 is applicable to state search warrants where federal officers participate in the search and the fruits of that search are offered in a federal prosecution. All other issues raised by the defendants will be considered by the panel.

### I.

The full facts are set out in the panel opinion, *United States v. McKeever*, 894 F.2d 712 (5th Cir.1990). We briefly summarize them here.

In April 1988, Sheriff Robert Harris suspected drug activity at the defendants' residence. He contacted DEA agent William J. Bryant who told him that, in order for the DEA to participate in the search, Harris would have to obtain a warrant from a court of record, as required by Fed.R.Crim. P. 41(a). Harris obtained a warrant from Judge Barbara McBurney, a municipal judge for the Cities of Combine and Crandall, Texas who was not a judge of a court of record.

Harris executed the warrant and discovered a working amphetamine laboratory in defendants' residence. After arresting the defendants and securing the premises, Harris had Agent Bryant notified of the situation and requested his assistance. Upon his arrival, Bryant learned that Harris had not obtained the warrant from a court of record. The DEA agents dismantled the laboratory and identified chemicals presented to them by Harris' officers.

In the district court, the defendants argued for suppression of the evidence obtained during the search of their residence on the grounds that: (1) the warrant was not obtained from a court of record; (2) the judge was not neutral and detached; and (3) the affidavits in support of the warrant application did not establish probable cause to issue the warrant. The district court denied defendants' motion to suppress the evidence and defendants then pled guilty to violations of 21 U.S.C. § 846.

In reversing the district court's denial of defendants' motion to suppress, the panel held that, under this court's prior decisions in *Navarro v. United States*, 400 F.2d 315 (5th Cir.1968) and *United States v. Sellers*, 483 F.2d 37, *reh'g denied*, 485 F.2d 688 (5th Cir.1973), *cert. denied*, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974), the Rule 41(a) court of record requirement applies even when a federal search is executed under the authority of a state warrant. The panel further held that the evidence could not be admitted under the good faith exception established in *United States v. Comstock*, 805 F.2d 1194 (1986), *reh'g denied, en banc*, 810 F.2d 198 (5th Cir.), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 513 (1987).

### II.

#### A.

Rule 41(a) provides: "A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district wherein the property or person sought is located, *upon request of a federal law enforcement officer or an attorney for the government.*" (emphasis added). The above-emphasized portion was added as part of the 1972 amendments to Rule 41.

In the case at hand, the government admits that: (1) Judge McBurney did not

preside over a court of record; and (2) the search was federal as defined by this court in *Navarro,* 400 F.2d at 317. The parties agree that the warrant was requested by state officers, alleged violations of Texas law, was issued by a state judge, and is, therefore, a state rather than a federal warrant. *See United States v. Martin,* 600 F.2d 1175, 1180 (5th Cir.1979).

In *Navarro,* a panel of this court held that evidence was inadmissible in a federal prosecution if it had been seized in a federal search, pursuant to a state search warrant issued by a judge of a state court that was not a court of record. The panel concluded that Rule 41 "binds federal courts and federal officers" even when a state warrant is used. 400 F.2d at 318.

In *Sellers,* a panel of this court made it clear that every Rule 41 violation did not require a federal court to exclude evidence obtained under the authority of the state warrant. Where a "warrant was issued under authority of state law then every requirement of Rule 41 is not a *sine qua non* to federal court use of the fruits of a search predicated on the warrant, even though federal officials participated in its procuration or execution." *Sellers,* 483 F.2d at 43. The court concluded that a court must evaluate the particular Rule 41 violation involving a state warrant to determine whether it "contravene[d] any Rule-embodied policy designed to protect the integrity of the federal courts or to govern the conduct of federal officers." *Id.* "The proper test to be applied is whether a particular Rule 41 standard is one designed to assure reasonableness on the part of federal officers, or whether the provision merely blueprints the procedure for issuance of federal warrants." *Id.* at 44.

The panel in the case at hand held that it was bound by *Sellers'* direction that the particular Rule 41 provision be examined in the above fashion to determine whether violations of each particular provision required exclusion of evidence in a federal prosecution. Although the *Sellers* court did not consider the 1972 amendment to Rule 41, the panel in this case recognized

that this court had relied on *Sellers* in a post–1972 amendment case. In *United States v. Martin,* 600 F.2d 1175 (5th Cir. 1979), the court adhered to the *Sellers* standard for determining which Rule 41 provisions apply to state warrants. The *Martin* court then apparently concluded that Rule 41's provisions defining who is authorized to conduct a search applied to state warrants. Although the panel in this case recognized that it was bound by *Sellers* and *Martin,* it stated that "the most plausible reason for this amendment is to limit the application of Rule 41(a) to those warrants requested by federal officers." The panel relied on dicta in *Comstock,* 805 F.2d at 1204 n. 10, to support this view.

B.

The government first argues that *Navarro* was wrongly decided, regardless of the effect to be given the 1972 amendment to Rule 41. The government contends that the *Navarro* court applied concepts addressing fourth amendment violations to a Rule 41 violation. According to the government, the court erroneously concluded that Supreme Court decisions seeking to prevent federal agents from using state warrants to avoid fourth amendment requirements compelled the exclusion of evidence obtained pursuant to a state warrant which did not comply with Rule 41. *See Byars v. United States,* 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927); *Lustig v. United States,* 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949); *Rea v. United States,* 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956).

The government argues that the *Navarro* court erred in applying such broad constitutional principles to a procedural rule. The government's argument is based on the premise that the *Navarro* court went too far in implementing its conclusion that the purpose of Rule 41 was to "carry out the mandate of the fourth amendment,"[1] because nothing in fourth amendment jurisprudence suggests that a search warrant must issue from a court of record. The

---

1. 400 F.2d at 319.

government explains that the true purpose of Rule 41 is to give federal and state judges the power to issue federal search warrants for federal crimes and to provide direction as to how that should be accomplished; the Rule does not indicate that if it is violated this triggers the exclusionary rule ordinarily reserved for constitutional violations.

The government further contends that the *Navarro* court's analysis is particularly misplaced because the Supreme Court cases the *Navarro* court relied upon were decided prior to *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, *reh'g denied*, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72 (1961), and indeed *Navarro* did not cite *Mapp*. In *Mapp* the Supreme Court held that the fourth amendment applied to the states; therefore, the cases cited in *Navarro* were designed to alleviate a problem that no longer existed at the time of the *Navarro* decision.

■ Although the government's arguments are weighty, we need not reach them. We hold that the 1972 amendment to Rule 41 reflects a Congressional intent that none of Rule 41's requirements apply to state warrants.

First, as the panel noted, the plain language of the amendment limits the application of Rule 41(a) to warrants requested by federal officers. The Rule states that designated persons may issue "a search warrant authorized by th[e] rule ... upon the request of a federal law enforcement officer or an attorney for the government." If the warrant is not issued upon the request of a designated person it is not authorized by Rule 41 and, hence, not covered by the rule. There is no "legislative" history to suggest a different meaning. As the panel noted, the only legislative history is an advisory committee note. The note provides, in part:

> Subdivision (a) is amended to provide that a search warrant may be issued *only* upon the request of a federal law

enforcement officer or an attorney for the government.

Advisory Committee Note, in Communication from the Chief Justice of the United States, H.R. Doc. No. 285, 92d Cong., 2d Sess. 43 (April 25, 1974) (emphasis added).

■ Second, this interpretation of the 1972 amendment to 41(a) is compatible with 41(c) which requires that a "warrant shall be directed to a civil officer of the United States."[2] Rules, like statutes, should be construed as a whole. *See United States v. Morton*, 467 U.S. 822, 828 n. 8, 104 S.Ct. 2769, 2773 n. 8, 81 L.Ed.2d 680, *reh'g denied*, 468 U.S. 1226, 105 S.Ct. 27, 82 L.Ed.2d 920 (1984). Therefore, the fact that both subsections (a) and (c) address federal officers who obtain and execute warrants indicates that this is the focus of Rule 41 rather than warrants state officers obtain in state courts. As this court recognized in *Comstock*, "[t]hese provisions suggest that a state court warrant issued at the request of state officers only, directed only to such officers, and based on a probable cause showing of a state law violation, is not intended to be governed by the provisions of Rule 41." 805 F.2d at 1204 n. 10.

Finally, we have considered but reject the possible interpretation that, where there has been a federal search, the amendment limits the admissibility of evidence in federal court to that obtained by the authority of a warrant requested by federal law enforcement officers or prosecuting attorneys. *See United States v. Radlick*, 581 F.2d 225 (9th Cir.1978). But this interpretation sweeps much too broadly because it discourages cooperation between state and federal officers; such cooperation is, of course, highly desirable. *See Navarro*, 400 F.2d at 319; *United States v. Coronna*, 420 F.2d 1091 (5th Cir.1970) (state search).

We recognize that the *Sellers* provision-by-provision approach has been followed and cited in other circuits even after the 1972 amendment. *See, e.g., United States v. Burke*, 517 F.2d 377, 383 (2d Cir.1975); *United States v. $22,287.00 United States*

---

**2.** Although this provision of Rule 41(c) was in effect when *Navarro* was decided, *Navarro* does not in any way advert to it.

*Cur.,* 709 F.2d 442, 448 (6th Cir.1983); *United States v. Krawiec,* 627 F.2d 577, 580 (1st Cir.1980). We are nevertheless persuaded that the most feasible interpretation of Rule 41(a) is that Rule 41 only applies to warrants issued at the request of a federal officer.

No issue of collusion between state and federal officers in procuring the warrant to avoid Rule 41 is implicated in this case. We intimate no opinion in this regard.

### C.

■ We conclude that Fed.R.Crim.P. 41 only applies to warrants issued "upon the request of a federal law enforcement officer or an attorney for the government." To the extent that *Navarro,* 400 F.2d 315; *Sellers,* 483 F.2d 37; and *Martin,* 600 F.2d 1175, indicate to the contrary, they are overruled. The "state court of record" requirement of Rule 41, therefore, has no application to the warrant issued in this case. The remaining issues presented in this case are remanded to the panel.