United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-10932
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

BYRON DAWES,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-288-1-P
_____

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Byron Dawes was convicted on a three-count indictment for mail fraud (18 U.S.C. § 1341), arson (18 U.S.C. § 844(i)), and using a fire to commit a felony (18 U.S.C. § 844(h)) in connection with a fire that destroyed Dawes's dry cleaning business. Dawes was sentenced to 171 months' imprisonment, five years' supervised release, and restitution. Dawes appeals this conviction asserting four points of error. We AFFIRM.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Dawes alleges that the jury instruction was erroneous because it required jurors to find only an "effect" on interstate commerce under 18 U.S.C. § 844(i). Instead, he argues that United States v. Lopez, 514 U.S. 549, 559 (1995), requires that the jury should have been instructed that a substantial effect on commerce must be found. "Challenges to jury instructions are reviewed to determine whether the court's charge, as a whole, is a correct statement of the law and clearly instructs jurors on the legal principles at issue." United States v. Jennings, 195 F.3d 795, 801 (5th Cir. 1999). Contrary to Dawes's assertions, this Court requires only an effect on interstate commerce, not a substantial effect. See id.; United States v. Robinson, 119 F.3d 1205, 1212-15 (5th Cir. 1997). Moreover, arson fires involving commercial rental properties, like Dawes's business, affect interstate commerce. Jones v. United States, 529 U.S. 848, 852-53 (2000); Russell v. United States, 471 U.S. 858, 859-62 (1985). As such, the district court committed no error; its instructions constituted "a correct statement of the law" and "clearly instruct[ed] jurors on the legal principles at issue." Jennings, 195 F.3d at 801.

Second, Dawes argues that his convictions for mail fraud and use of fire to commit a felony under 18 U.S.C. §§ 1341 and 844(h) should be reversed because the district court lacked jurisdiction. A claim that the district court lacked jurisdiction may be raised for the first time on appeal and is reviewed de novo. United States v. Henry, 288 F.3d 657, 660 (5th Cir. 2002), cert. denied,

123 S.Ct. 224 (2002). Specifically, Dawes contends that the arson conviction, upon which these convictions are based, is purely a state offense and, as such, lacks the requisite nexus to federal jurisdiction. This claim is without merit. As discussed supra, jurisdiction over the arson count is established as a result of its effect on interstate commerce.

Third, Dawes argues that 18 U.S.C. § 844(i) and (h) are void for vagueness under Lopez. This Court reviews whether a statute is void for vagueness de novo. United States v. Monroe, 178 F.3d 304, 308 (5th Cir. 1999). Specifically, Dawes asserts that he was not on notice that conduct having a "de minimis" effect on interstate commerce violated federal law. However, this argument is predicated on the notion that Lopez altered the analysis of the extent to which an individual act of arson must have affected interstate commerce for federal jurisdiction to attach, which we have rejected earlier. This argument is similarly meritless.

Finally, Dawes argues that the search of his home was unconstitutional and evidence thus seized should have been suppressed. When reviewing the denial of a motion to suppress, factual findings are reviewed for clear error and the sufficiency of the warrant is reviewed de novo. United States v. Cherna, 184 F.3d 403, 406 (5th Cir. 1999); United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002), cert. denied, 123 S.Ct. 253 (2002). Dawes argues that the evidence should have been excluded because

3

the affidavit supporting the warrant omitted the fact that an accelerant-detecting dog had not detected chemical accelerants on Dawes's person. In cases where the officers have a search warrant, the district court must be affirmed if the good faith exception to the exclusionary rule applies. Cavazos, 288 F.3d at 709. Only if this exception does not apply will a court determine if the magistrate had a substantial basis for finding probable cause. Id. In this case the district court properly applied the good faith exception because the omission was not intentional and the omitted information was not material or dispositive. See United States v. Davis, 226 F.3d 346, 351 (5th Cir. 2000)(requiring the omitted information to be relevant and dispositive); United States v. McCarty, 36 F.3d 1349, 1356 (5th Cir. 1994) (requiring omission from affidavit to be intentional).

Second, because Dawes did not request an opportunity to present evidence, the district court did not err in failing to hold an evidentiary hearing. See Franks v. Delaware, 438 U.S. 154, 155-156 (1978). Lastly, the search was not unreasonable under FED. R. CRIM. P. 41, because that rule is inapplicable considering the search warrant was issued by a state judge at the request of a state officer. United States v. Rivas, 99 F.3d 170, 176 (5th Cir. 1996) (citing United States v. McKeever, 905 F.2d 829, 832 (5th Cir. 1990)).

For the foregoing reasons, the judgment is AFFIRMED.

4