United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41053
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JED STEWART LINEBERRY,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-113-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Jed Stewart Lineberry appeals his jury trial conviction
and the sentence imposed for being a felon in possession of a
firearm.  Lineberry was sentenced to a term of imprisonment of 63
months to be followed by a three-year term of supervised release.

Lineberry argues that his motion to suppress evidence seized
from his residence should have been granted because the warrant
authorizing the search was not issued in accordance with FED. R.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

CRIM. P. 41.  Rule 41 applies only to warrants sought by federal officers.  Because the warrant herein was issued by a state magistrate at the request of a state officer, the rule is inapplicable.  See United States v. McKeever, 905 F.2d 829, 832 (5th Cir. 1990) (en banc).

Although the warrant did not specifically authorize the seizure of firearms, Lineberry's argument that the seizure of the weapons should be suppressed is without merit.  The incriminating character of the weapons was immediately apparent to the officers because they were aware that a prostitution business was being operated on the premises, in addition to drugs being unlawfully used therein, and that Lineberry was a convicted felon.  See United States v. Hill, 19 F.3d 989, 989 (5th Cir. 1994).

Lineberry's argument that the affidavit supporting the warrant was prepared after his arrest was rebutted by the testimony of Detective Coburn that the date in the body of the affidavit was the date that he knew the warrant would be executed.  Lineberry's argument that the warrant was not sufficiently specific with respect to the persons to be arrested and the suspected criminal activity is meritless because the warrant incorporated the affidavit, which included all of the relevant information.

Lineberry argues that the search was unconstitutional because the officers entered his residence without an announcement or knocking on the door.  The officers had a

reasonable suspicion that Lineberry was in possession of firearms and drugs that could have been disposed of if an announcement was made by the officers. The officers had a reasonable belief that an announcement would endanger the officers and the occupants and that evidence could be destroyed. Thus, there were exigent circumstances warranting the unannounced entry. See United States v. Banks, 124 S. Ct. 521, 525 (2003).

The record does not reflect whether the search of Lineberry's trash violated the Fourth Amendment because there was no evidence presented as to its specific location or its accessibility to the public. See United States v. Headrick, 922 F.2d 396, 397-99 (5th Cir. 1991). However, even if the evidence that empty steroid vials and syringes were found in the trash had not been included in the affidavit seeking the warrant, there was sufficient other evidence in the affidavit showing that illegal activity warranted the search.

Lineberry failed to demonstrate that the Government suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) because he was aware of the existence of the photograph and the tape of his meeting with Coburn prior to trial. Further, these items did not constitute exculpatory or impeachment evidence that would have had an effect on the outcome of the trial. Brady, 373 U.S. at 87; Kyles v. Whitley, 514 U.S. 419, 436 (1995).

Lineberry argues that he should not have been classified as a convicted felon in possession because there was no evidence that he possessed the firearms found in his home. He argues that the evidence showed that the weapons belonged to his wife or his father.

Lineberry's wife testified that Lineberry purchased and owned the guns found in their home. Lineberry's father's testimony that he hid the firearms all over Lineberry's house without Lineberry's knowledge was not credible. Lineberry admitted in a taped conversation with Coburn that he possessed firearms. There was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Lineberry was in possession of firearms. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Lineberry's argument that he should not have been classified as a convicted felon because his civil rights were restored under Texas law is unavailing. Lineberry's prior conviction occurred in Arkansas and was a felony under the laws of that state. He has not demonstrated that his civil rights were restored by the State of Arkansas. Thus, he is a convicted felon within the meaning of 18 U.S.C. § 921(a)(20) and § 922(g)(1).

The district court did not clearly err in assigning three criminal history points to Lineberry for his prior conviction that occurred more than fifteen years prior to his arrest for the instant offense. There was reliable evidence that Lineberry

engaged in relevant conduct within fifteen years of his last release from incarceration in connection with that offense. See U.S.S.G. §§ 4A1.2(d)(2), (e); § 4A1.2, comment. (n.8); § 4A1.2(k)(2)(B). Thus, the prior sentence could be considered.

The district court did not plainly err in assigning criminal history points for Lineberry's prior misdemeanor offenses. Lineberry did not argue in the district court, and has not shown on appeal, that the district court plainly erred in determining that these offenses were not violations of city ordinances within the meaning of U.S.S.G. § 4A1.2(c)(1). United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

The criminal history point given for Lineberry's sentence of a $250 fine for his offense of obstructing governmental operations was not plain error because a sentence specifying a fine is treated as a non-imprisonment sentence warranting the addition of one point. See § 4A1.2(c), § 4A1.2, comment. (n.4). Lineberry's diversionary sentence for failing to maintain vehicle transportation records also qualified for the assignment of an additional point. See § 4A1.2(f); § 4A1.2, comment. (n.9).

In light of the evidence that several of the firearms were found loaded in easily accessible locations in the house, there is no support for Lineberry's assertion that the firearms found in the search of his home were used for sporting or collection purposes. Thus, there was no plain error in failing to make a six-level reduction of Lineberry's offense level pursuant to

§ 2K2.1(b)(2).

Lineberry also challenges the four-level upward adjustment of his offense level for using or possessing any firearms or ammunition in connection with another felony offense because he contends that there was no credible evidence that he committed another felony offense. Financing and promoting a prostitution organization is a felony under Texas law, and there was reliable evidence in the record to support a finding that Lineberry organized and operated a prostitution ring involving at least two or more prostitutes. See TEX. PENAL CODE ANN. § 43.04. The four-level adjustment of Lineberry's offense level pursuant to § 2K2.1(b)(5) for use of a firearm in connection with another felony offense was not an erroneous determination.

Lineberry's conviction and sentence are AFFIRMED.

Lineberry's appeal from the district court's order refusing to consider Lineberry's pro se motion for release pending appeal is DISMISSED as MOOT.