[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11046
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00004-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUENTALIN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 19, 2014)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

A Middle District of Georgia grand jury indicted Quentalin Brown on five counts. Four counts charged violations of 21 U.S.C. § 841(a)(1): Count One, distribution of cocaine on July 27, 2011; and Counts Two and Three, possession with intent to distribute cocaine on August 12, 2011; Count Four, possession with intent to distribute marijuana on August 12, 2011. Count Five charged possession of firearms in furtherance of the offenses charged in the previous counts, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Brown moved the District Court to suppress evidence found during the search of his residence pursuant to a search warrant. The court denied his motion, and he stood trial. The Jury found him guilty of Counts One through Four, and acquitted him on Count Five. The District Court thereafter sentenced Brown to concurrent prison terms: 200 months on Counts One through Three, and 120 months on Count Four.

Brown appeals his convictions and sentences. He challenges his convictions on these grounds: (1) the district court erred in denying his motion to suppress because state officers violated Fed. R. Cr. P. 41(b) by obtaining a search warrant for his residence from the Superior Court of Tift County, Georgia, instead of a federal magistrate judge; and (2) the district court erred in admitting witness testimony about his uncharged prior drug dealing because he did not have sufficient notice, and the evidence was not admissible under Fed. R. Evid. 404(b). He challenges his sentences on the grounds that (1) the district court clearly erred

2

by including the unrelated, uncharged drug sales from that testimony in his relevant conduct for sentencing purposes; (2) the district court should not have assessed him a two-point enhancement of his offense level based on prior shoplifting convictions, because the Ninth Circuit Court of Appeals has held that misdemeanor shoplifting convictions are similar to the excluded offense of "insufficient funds check," and therefore should also be excluded; and (3) the district court clearly erred by assessing another two-point enhancement because a firearm was possessed during his commission of the Counts One through Four drug offenses and doing so violated his Fifth and Sixth Amendment rights. We address first Brown's challenges to his convictions, then his sentences.

## I.

## A.

A district court's denial of a motion to suppress is a mixed question of law and fact. *United States v. Frank*, 599 F.3d 1221, 1228 (11th Cir. 2010). We review factual findings for clear error, and the district court's application of the law to those facts *de novo*. *Id*. When considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

Rule 41 states that, at the request of a federal law enforcement officer or government attorney, "a magistrate judge with authority in the district—or if none

is reasonably available, a judge of a state court of record in the district—has

authority to issue a warrant to search for and seize a person or property located

within the district." Fed. R. Crim. P. 41(b)(1).

Rule 41 governs searches that are "federal in execution." *United States v.*

*Lehder-Rivas*, 955 F.2d 1510, 1522 (11th Cir. 1992). A search is federal in

execution if a federal official had a hand in it. *Id.* In *Lehder-Rivas*, we held that a

warrant was federal in nature, and thus subject to Rule 41, because federal agents

had provided intelligence to state officers during an investigation. *Id.*

We have stated that when analyzing alleged violations of Rule 41 relating to

search warrants:

> Unless a *clear constitutional violation occurs*, noncompliance with
> Rule 41 requires suppression of evidence only where (1) there was
> 'prejudice' in the sense that *the search might not have occurred or
> would not have been so abrasive if the rule had been followed*, or (2)
> there is *evidence of an intentional and deliberate disregard of a
> provision in the Rule*.

*United States v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993) (quoting *United*

*States v. Loyd*, 721 F.2d 331, 333 (11th Cir. 1983)) (emphasis in original).

The former Fifth Circuit addressed the applicability of Rule 41(b)'s

predecessor to warrants obtained by state officers in *Navarro v. United* States, 400

F.2d 315 (5th Cir. 1968), *overruled by United States v. McKeever*, 905 F.2d 829

(5th Cir. 1990). At that time, Rule 41(a) read as follows:

4

> Authority to Issue Warrant. A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial court of record or by a United States Commissioner within the district wherein the property sought is located.

*Navarro*, 400 F.2d at 316. The court determined that a search warrant for a federal search that was obtained by a state officer from the San Antonio Corporation Court, which was not a court of record under Texas law, violated Rule 41, and the evidence from that search should have been suppressed. *Id*. at 316-20. However, the Fifth Circuit later ruled that Rule 41's 1972 amendments made clear that the rule only applied to warrants issued upon the request of federal officers or government attorneys, and overruled *Navarro* to the extent that it said otherwise. *McKeever*, 905 F.2d at 833.

The Fourth Circuit has held that Rule 41(b) is not triggered by a federal investigation, but instead by a federal warrant proceeding. *United States v. Claridy*, 601 F.3d 276, 281 (4th Cir. 2010). According to the Fourth Circuit, "there is nothing in the Federal Rules of Criminal Procedure that suggests that in a joint federal-state law-enforcement investigation, all search warrants must be obtained under the Federal Rules of Criminal Procedure." *Id*. at 282.

A search is federal in execution, thus implicating federal standards for the warrant, when federal officers provide intelligence to state officers during an investigation, *Lehder-Rivas*, 955 F.2d at 1522, so the DEA's involvement in the

5

instant case arguably caused the search of Brown's residence to be "federal in execution," making Rule 41 applicable. However, even if Rule 41 applied, Rule 41(b) was not violated. The warrant for Brown's residence was obtained in state court by a state officer. The language of Rule 41(b) grants authority to federal magistrates and state court judges to issue federal warrants when they are requested by federal agents or government attorneys. Fed. R. Crim. P. 41(b)(1). It does not speak to requests from state officers, as was the case here, nor does it ban a state warrant from being used during a joint state-federal investigation. While we have not previously weighed in on the issue, other circuits have agreed with this interpretation of the rule. *See Claridy*, 601 F.3d at 281-82; *McKeever*, 905 F.2d at 833. Additionally, neither the facts stipulated at the suppression hearing, nor any evidence at trial, detailed whether a federal magistrate was "reasonably available" when the warrant was issued by a state court judge, and Brown does not address the issue in his brief. Since Rule 41 authorizes state courts to issue warrants when a federal magistrate is not "reasonably available," Brown has not shown that it was improper for the state court to issue the warrant. *See* Fed. R. Crim. P. 41(b).

Moreover, even if the search warrant was not issued in compliance with Rule 41(b), Brown has not shown that suppression was the proper remedy. *See Gerber*, 994 F.2d at 1560. First, even if Rule 41 is viewed as an extension of the

Fourth Amendment, obtaining the warrant from a state court was not a *clear* violation, because the rule does not clearly address warrants obtained by state officers, and because it is not clear from the record whether a federal magistrate judge was "reasonably available" when the state court judge issued the warrant. *See* Fed. R. Crim. P 41(b).  Additionally, Brown did not argue at the suppression hearing that officers did not have probable cause to search his residence, and he does not make that argument on appeal.  Therefore, he has failed to show that the alleged Rule 41 violation "prejudiced" him in the sense that the search might not have occurred or might not have been so abrasive otherwise.  *Gerber*, 994 F.2d at 1560.  Finally, the district court did not clearly err when it found that there was no bad faith, considering that Brown did not support his assertion to the contrary with any evidence.

## B.

Evidentiary rulings are reviewed for an abuse of discretion.  *United States v. Range*, 94 F.3d 614, 620 (11th Cir. 1996).  We review only "for plain error those issues to which the defendant did not make timely objections in the district court." *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2006).  Under that standard, if the error is plain and it affects substantial rights, we have the discretionary authority to provide relief if the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the rule goes on to state that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

We use a three-part test to determine whether prior bad acts are admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice . . . .

*United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (quotation marks omitted).

Evidence of prior drug dealings is "highly probative of intent to distribute a controlled substance." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012). The risk of unfair prejudice can be reduced by an appropriate limiting instruction. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

8

Evidence of criminal activity other than the offense charged is not extrinsic, and thus falls outside the scope of Rule 404(b) if the evidence is: "(1) an uncharged offense which arose from the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

On request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any Rule 404(b) evidence that the prosecutor intends to offer at trial. Fed. R. Evid. 404(b)(2)(A). The government alerted Brown several months before trial that it anticipated that its confidential informant would testify "about her prior dealings with Defendant Brown at trial, particularly the number and locations of said transactions, the amounts of cocaine and/or other illegal narcotics transacted, the prices paid therefore." Thus, as an initial matter, the prosecutor provided reasonable notice of the general nature of its confidential informant's Rule 404(b) testimony. *See* Fed. R. Evid. 404(b)(2)(A).

Brown objected to the notice he received regarding the confidential informant's testimony, but he did not object to the admissibility of that testimony under Rule 404(b), nor did he object to the admissibility of three other witnesses' testimony about their past drug dealings with Brown. Therefore, whether the

9

district court admitted that evidence in violation of Rule 404(b) is reviewed only for plain error.  *Parrish*, 427 F.3d at 1347.

The evidence of Brown's prior drug dealings satisfied our three-part test for determining admissibility under Rule 404(b).  *See Matthews*, 431 F.3d at 1310-11.  Counts Two through Four were possession "with intent to distribute" charges involving the drugs seized during the traffic stop and the search of Brown's residence.  Therefore, Brown's intent to distribute those drugs was relevant, satisfying the first part of the test.  The government established the prior acts through specific witness testimony—sufficient proof to allow a jury to find that the prior acts had been committed, in satisfaction of the test's second part.  Finally, the evidence of the past drug dealings was highly probative of Brown's intent to distribute the drugs at issue.  *Sanders*, 668 F.3d at 1314.  The district court also diminished any unfair prejudice caused by the evidence's admission through limiting instructions to the jury, both during the presentation of evidence and during its final instructions.  Therefore, the third part of the test for admissibility of Rule 404(b) evidence was satisfied, because the high probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  As such, the district court did not err, much less plainly err, by admitting testimony regarding Brown's uncharged prior drug dealings.

## II.

We review the district court's factual findings for clear error, and the court's application of the sentencing guidelines to the facts *de novo*. *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006). Furthermore, a district court's factual findings used to support a sentencing calculation must be based on reliable and specific evidence and cannot be based on speculation. *United States v. Cataldo*, 171 F.3d 1316, 1321-22 (11th Cir. 1999). Constitutional sentencing issues are reviewed *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

We afford "substantial deference" to a district court's credibility determinations. *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). Credibility determinations are typically the province of the factfinder because the factfinder personally observes the testimony and is in a better position than a reviewing court to assess the credibility of witnesses. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

### A.

The base offense level for violations of 21 U.S.C. § 841(a)(1) is 32 if the relevant conduct involves at least 1,000 kilograms but less than 3,000 kilograms of marijuana. U.S.S.G. § 2D1.1 (a)(5), (c)(4). If the relevant conduct involves differing controlled substances, the court is to determine the offense level by using the Drug Equivalency Tables to convert each substance to a marijuana equivalent.

11

U.S.S.G. 2D1.1, comment. (8(B)).  Under the Drug Equivalency Tables, 1 gram of cocaine equals 200 grams of marijuana, and 1 gram of cocaine base, or crack cocaine, equals 3,571 grams of marijuana.  U.S.S.G. § 2D1.1, comment. (n.8(D)).  Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level.  U.S.S.G. § 2D1.1 comment. (n.5).

With respect to offenses requiring the grouping of multiple counts under U.S.S.G. § 3D1.2(d), such as violations of § 841(a), relevant conduct includes all acts or omissions "that were part of the same course of conduct or common scheme or plan as the count of conviction."  U.S.S.G. § 1B1.3(a)(2).  Two offenses involve the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."  U.S.S.G. § 1B1.3, comment. (n.9(B)).  In evaluating whether two or more offenses meet this test, the sentencing court should consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses."  *Id*.

We broadly interpret the provisions of the relevant conduct guideline. *United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996).  Sentencing courts may consider uncharged conduct when determining the appropriate sentence.  *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006).

Brown's argument that witness testimony was insufficient to allow the court to establish the drug quantity involved fails. One witness stated that he received 10 ounces of crack cocaine from Brown over a 60-day period in 2011, another testified that he supplied Brown with 2 kilograms of cocaine around March 2011, and a third testified that he supplied Brown with at least 10 pounds of marijuana a week for at least 3 years. Therefore, the district court based its consideration of the drug amounts involved in these transactions on specific evidence, and not mere speculation. *Cataldo*, 171 F.3d at 1321-22. Furthermore, the court personally observed the testimony, and was better positioned than we are to assess its reliability. *See Ramirez-Chilel*, 289 F.3d at 749. Given the substantial deference afforded to a district court's credibility determination, the court did not clearly err in choosing to believe the witnesses' testimony that Brown was involved in drug transactions with them, and that the transactions involved the amounts they claimed. *See McPhee*, 336 F.3d at 1275.

The district court also properly concluded that the transactions were part of Brown's relevant conduct under U.S.S.G. § 1B1.3(a)(2). The uncharged conduct involved possession of marijuana, crack cocaine, and cocaine, which was similar in kind to the charged offenses of possession with intent to distribute cocaine and marijuana. Brown's dealings with two of the witnesses occurred in 2011, only a few months prior to the charged conduct, and he dealt with the third weekly from

13

2007 until 2010, so all of the dealings were in temporal proximity to the charged conduct. Additionally, all three witnesses dealt with Brown on more than one occasion, and one dealt with him weekly for several years, indicating the conduct was part of a string of offenses. In light of those facts, the degree of similarity of the offenses, the regularity of the offenses, and the time interval between the offenses all indicate that the uncharged offenses involved the same course of conduct as the charged offenses, because they were sufficiently connected to warrant the conclusion that they were part of an ongoing series of offenses. U.S.S.G. § 1B1.3, comment. (n.9(B)).

Finally, Brown's argument that the inclusion of uncharged drug transactions in his relevant conduct violated the Sixth Amendment is squarely foreclosed by our precedent. *See Hamaker*, 455 F.3d at 1336.

## B.

For an error to be plain, it must be "obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2011). When the explicit language of a statute or rule does not specifically resolve an issue, plain error cannot exist in absence of binding precedent directly resolving the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Under Rule 32 of the Federal Rules of Criminal Procedure, parties must state in writing any objections to the PSI within 14 days of receiving the PSI. Fed. R.

14

Crim. P. 32(f)(1).  However, a court may, for good cause, allow a party to make a new objection at any time before a sentence is imposed.  Fed. R. Crim. P. 32(i)(1)(D); *see also* Fed. R. Crim. P. 32(b)(2) (stating that the court may change any time limits in Rule 32 for good cause).

Section 4A1.2(c) of the Sentencing Guidelines provides, in pertinent part, that all felony offenses are counted when computing criminal history, as are misdemeanor and petty offenses, with the following exception:

> Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of more than one year, or (B) the prior offense was similar to an instant offense: . . . Insufficient funds check . . .

U.S.S.G. § 4A1.2(c).  The Ninth Circuit has found that a Nevada shoplifting conviction was "similar" to the offense of "insufficient funds check," so the shoplifting offense should not have been part of the district court's criminal history computation.  *United States v. Lopez-Pastrana*, 244 F.3d 1025, 1030-31 (9th Cir. 2001).

Here, Brown's objection to his prior shoplifting convictions being included in his criminal history calculation was untimely, as it was made more than 14 days after his receipt of the PSI.  Because Brown did not timely object to his criminal history calculation before the district court, we will review the issue only for plain error.  *See Parrish*, 427 F.3d at 1347.

15

Any error the district court may have committed in calculating Brown's criminal history category was not plain. The language of U.S.S.G. § 4A1.2(c) does not clearly state that shoplifting is a misdemeanor or petty offense that can be exempt from the criminal history computation. *See* U.S.S.G. § 4A1.2(c)(1). Additionally, Brown cites only Ninth Circuit case law for the proposition that shoplifting is "similar to" an offense specifically mentioned by that provision. We have not addressed the issue, and neither has the Supreme Court. Because there was no binding precedent directly resolving the issue, the district court could not have plainly erred by including Brown's shoplifting convictions in his criminal history category. *See Lejarde-Rada*, 319 F.3d at 1291.

## C.

The Sentencing Guidelines provide for a two-level increase if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). That enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 comment. (n.11(A)).

The Supreme Court has held that an acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, as long as that conduct has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 638, 136 L.Ed.2d 557 (1997). We

16

recently stated that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not change that rule, and that it is still permissible for sentencing courts to consider uncharged and acquitted conduct in determining a sentence. *United States v. Smith*, 741 F.3d 1211, 1227 (11th Cir. 2013).

Brown was acquitted of possession of firearms in furtherance of drug trafficking. However, he received a two-level enhancement at sentencing for other counts, pursuant to U.S.S.G. § 2D1.1(b)(1), because a dangerous weapon was possessed. Brown's sentence enhancement was not necessarily based on acquitted conduct, because the acquitted offense required the jury to find the firearms possession to be "in furtherance of drug trafficking," whereas the enhancement only required a finding that it was not clearly improbable that the firearms were "connected with" the offense. However, even if the enhancement was based on acquitted conduct, our precedent makes clear that the sentencing court did not violate the Fifth and Sixth Amendments by considering acquitted conduct when determining a sentence. *See Smith*, 741 F.3d at 1227.

Furthermore, three guns were found in Brown's residence. All three were found in close proximity to large amounts of marijuana. One of the guns was an AR-15, and two AR magazines were found in the same bag as scales. A witness also testified that in each of his dealings with Brown, Brown kept a handgun wedged between the seats of his vehicle. Therefore, it was not clearly erroneous

17

for the district court to conclude that Brown possessed firearms, and that it was not "clearly improbable" that the firearms were connected to his drug offenses. *See* U.S.S.G. § 2D1.1 comment. (n.11(A)).  Accordingly, the district court did not err in imposing a two-level enhancement because a firearm was possessed.

After careful review of the record and the parties' appellate briefs, we affirm Brown's convictions and sentences.

AFFIRMED.