# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-30941
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TINA LOUISE TAYLOR, also known as Tina Leska,

Defendant-Appellant

------------------------------------------------------

Cons/w 18-30946

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS G. TAYLOR,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-138

————

No. 18-30941 c/w No. 18-30946

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Thomas G. Taylor and Tina Louise Taylor entered conditional guilty pleas to conspiracy to possess with intent to distribute methamphetamine. They both moved to suppress evidence seized as the result of a traffic stop. Thomas argued that the stop was the result of the installation and monitoring of a tracking device on the vehicle and that the warrant to track the vehicle did not comply with Federal Rule of Criminal Procedure 41, which covers warrants and issues of search and seizure. Tina argued that there had been no traffic violation to justify the stop which rendered the evidence inadmissible.

Following a hearing, the district court found that the good faith exception to the exclusionary rule applied because reliance on the warrant that allowed for the tracking device was objectively reasonable and the warrant issued by a state judge did not violate Rule 41. The district court also found that the police officer's testimony established objective grounds for the traffic stop of the vehicle. The district court denied the motions for suppression, and the Taylors appeal. We AFFIRM the district court's decision.

When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010). We consider the denial of a motion to suppress in two steps, asking first whether the good faith exception applies. The good faith exception covers "evidence obtained by officers in objectively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable good-faith reliance upon a search warrant . . . even though the warrant was unsupported by probable cause." *United States v. Laury,* 985 F.2d 1293, 1311 (5th Cir. 1993). If the good faith exception applies, no further analysis is conducted. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). If it does not apply, then we proceed to the second step of the analysis and consider "whether the magistrate issuing the warrant had a 'substantial basis for believing there was probable cause for the search.'" *Allen*, 625 F.3d at 835 (quoting *United States v. Davis*, 226 F.3d 346, 351 (5th Cir. 2000)).

The good faith exception has not been addressed on appeal. We require arguments to be briefed to be preserved, and issues not adequately briefed are deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, the Taylors have abandoned arguments related to the good faith exception. Instead of addressing the good faith exception, we are asked to overrule *United States v. McKeever*, 905 F.2d 829, 832 (5th Cir.1990) (en banc), which we cannot do because we adhere to established precedent. *See United States v. Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014). We agree with the district court's conclusion that there was no indication that it was objectively unreasonable for the police officers to rely on the warrant issued by the state judge allowing for the tracking device.

With respect to the finding that there were objective grounds for the stop of the vehicle, the clearly erroneous standard of review is particularly deferential where, as herein, "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). We will uphold a district court's ruling to deny a suppression motion "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838,

841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted). A police officer testified at the suppression hearing that he observed the vehicle in question crossing the centerline of the roadway twice, among other traffic violations, any of which allow for a traffic stop under state law. The district court found the officer to be credible. A reasonable view of the evidence supports the finding that the vehicle committed a traffic violation and therefore the traffic stop was justified, and the evidence does not need to be suppressed. *Id.* at 841.

Therefore, because there is no basis for suppression of the evidence, we agree with the district court's ruling and it is

AFFIRMED.